DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentence of the Wood County Court of Common Pleas. In July 2003, appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b). Appellant entered a negotiated plea of guilty to the single count of rape. *Page 2 
 {¶ 2} On September 8, 2003, appellant was sentenced to a five year term of incarceration. Appellant's appeal is limited to the propriety of his sentence and does not dispute the underlying conviction. Appellant claims his sentence is impacted by the Supreme Court of Ohio decision inState v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, necessitating it be remanded for resentencing.
 {¶ 3} Appellant, Eugene J. Calevero, sets forth the following two assignments of error:
 {¶ 4} "First assignment of error: The trial court erred to the prejudice of appellant by imposing a sentence contrary to law, and in violation of his rights under the Sixth Amendment to the United States Constitution.
 {¶ 5} "Second assignment of error: The trial court abused its discretion and erred to the prejudice of appellant by imposing a sentence contrary to law."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. Appellant separated from his wife in 1999 and they later divorced. Appellant moved from the marital home to an apartment in Perrysburg. In 2000, appellant began dating Laurie Yetter.
 {¶ 7} Appellant's acquaintance with Yetter initially began prior to the divorce. Appellant and Yetter's husband had both been members of the same rock band. After appellant and Yetter both were divorced, they became romantically involved with one another. *Page 3 
 {¶ 8} In the course of this relationship, Yetter and her daughters were frequent guests at appellant's apartment. Yetter would occasionally leave her 12 year old daughter alone at the apartment with appellant. During the summer of 2002, appellant engaged in digital, oral, and vaginal sexual intercourse with Yetter's 12 year old daughter while she was in his care at the apartment. This sexual relationship was not revealed until approximately a year after it had occurred.
 {¶ 9} The record shows that appellant's version of events changed multiple times during the investigation. Appellant first denied sexual activity with the girl. Appellant later admitted to digital, oral, and vaginal intercourse with the girl.
 {¶ 10} On July 3, 2003, appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b). On July 22, 2003, appellant entered the negotiated plea of guilty. In exchange for the plea, the state agreed not to pursue the additional criminal charges that could have been filed against appellant.
 {¶ 11} On September 8, 2003, appellant was sentenced by the trial court. The trial court noted the age of the age of the victim, seriousness of the offense, and the relationship with the victim's mother as aggravating sentencing factors considered by the court. Conversely, the court relayed certain mitigating factors it had considered. The court noted a lack of indicia of recidivism and an unremarkable criminal history. Weighing these factors, the court then imposed a term of incarceration of five years upon appellant. *Page 4 
 {¶ 12} Appellant did not file a timely App. R. 4 notice of appeal. Subsequently, on February 2, 2006, appellant filed an App. R. 5 motion for leave for delayed appeal. On February, 21, 2006, appellant's motion for delayed appeal was granted.
 {¶ 13} In his first assignment of error, appellant asserts that this case must be remanded to the trial court for resentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Foster held several of Ohio's sentencing statutes unconstitutional in violation of theSixth Amendment to the United States Constitution in the manner enumerated inApprendi v. New Jersey (2000), 530 U.S. 466 and Blakely v.Washington (2004), 542 U.S. 296.
 {¶ 14} Trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences. Foster vests trial courts with full discretion to impose any duration of prison sentence which falls within the statutory range. Id. Upon remand, the trial court shall consider only those sentencing statutes unaffected by Foster.
 {¶ 15} Our review of the sentencing transcript reveals that the trial court made certain findings in the course of sentencing, including finding that minimum sentencing would demean the seriousness of the offense, now barred by Foster. Given this, we find that Foster requires that this case be remanded for resentencing in conformity with that opinion. We find appellant's first assignment of error well-taken.
 {¶ 16} In his second assignment of error, appellant again asserts that the trial court erred in sentencing appellant. Given our holding above that this case must be remanded *Page 5 
for a new sentencing hearing in conformity with Foster, appellant's second assignment of error is moot.
 {¶ 17} The sentencing judgment of the Wood County Court of Common Pleas is vacated. The case is remanded for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT VACATED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J., Thomas J. Osowik, J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1