DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Dwight Williams, appeals from a burglary conviction of the Lucas County Court of Common Pleas. For the reasons that follow, we affirm the judgment.
 {¶ 2} On September 5, 2006, Ann Taylor and Andre Taylor noticed two men running from the rear entrance to the front entrance of their apartment building at 306 Winthrop in Toledo, Ohio. The Taylors recognized these men as appellant and Samuel *Page 2 
Williams. The Taylors observed Samuel Williams carrying a box shaped item covered by a blue towel while appellant carried a black trash bag and a box of laundry detergent. The Taylors' apartment was accessible through the rear entrance of the apartment building, while the front entrance led to an upstairs apartment leased by Samuel Williams.
 {¶ 3} After observing appellant and Samuel Williams, the Taylors walked to the rear door of the apartment building, looked at it, and found no damage. The Taylors did not enter the apartment. When the Taylors returned 30 minutes later, they entered the apartment and noticed several of their belongings missing. The Taylors later confronted appellant in an attempt to recover the items, but appellant denied involvement with the burglary. The Taylors then called the Toledo Police Department to report the burglary.
 {¶ 4} On September 7, 2006, the police took appellant into custody for questioning. After questioning, a photo array was created with appellant and five other persons with features similar to appellant. On September 8, 2006, this photo array was presented to Ann Taylor who confirmed appellant as the man she observed carrying the box of detergent and black trash bag. Later the same day, Andre Taylor also chose appellant out of the photo array. Both the Taylors signed and dated the back of appellant's photograph. In another array, the Taylors identified Samuel Williams as the other burglar.
 {¶ 5} On January 23, 2007, appellant was convicted by a jury of one count of burglary, in violation of R.C. 2911.12(A)(2) (G), a felony of the second degree. On *Page 3 
February 16, 2007, the trial court sentenced appellant to four years imprisonment for second degree burglary.
 {¶ 6} From that judgment, appellant appeals, setting forth the following assignments of error:
 {¶ 7} "I. No rational jury could have convicted the appellant based on the insufficient evidence presented at trial.
 {¶ 8} "II. The trial court's denial of the appellant's pretrial motion to suppress the suggestive photo identification was erroneous to the prejudice of appellant and violated his right to due process of law.
 {¶ 9} "III. The trial court's inclusion of the jury instruction regarding complicity was improper and deprived the appellant of due process of law.
 {¶ 10} "IV. Appellant's constitutional rights to counsel and due process were prejudiced by the ineffective assistance of trial counsel.
 {¶ 11} "V. The trial court's order for the maximum sentence for the charge is disproportionate to the offense and without justification and constitutes cruel and unusual punishment.
 {¶ 12} "VI. The trial court's above errors, when taken together, deprived appellant of a fair trial as guaranteed by the U.S. and Ohio Constitutions' due process clauses."
 {¶ 13} The second assignment of error will be addressed first. Photo evidence will be suppressed if the identification, or method of identification, is unduly suggestive and *Page 4 
unreliable. State v. Waddy (1992), 63 Ohio St.3d 424, 438, citingNeil v. Biggers (1972), 409 U.S. 188. The court should take into account the following factors when considering the reliability and suggestiveness of the identification: "the witness's opportunity to view * * * the defendant during the crime, the witness's degree of attention, the accuracy of the witness's prior description of the suspect, the witness's certainty, and the time elapsed between the crime and the identification." Id. at 439, citing Neil, 409 U.S. at 199-200. Also, if pretrial photographic identification is followed by eyewitness identification at trial, the photographic identification can only be suppressed if the procedure was suggestive enough to create "a very substantial likelihood of irreparable misidentification." Simmons v.United States (1968), 390 U.S. 377, 384.
 {¶ 14} The photo array in the present case contained photos of six African American men with features similar to appellant. The Taylors recognized appellant during the commission of the burglary carrying detergent and a black trash bag. Ann Taylor saw appellant 45 minutes prior to the robbery. The Taylors were unloading a lawnmower from a neighbor's house when they observed appellant, but their view of appellant was unobstructed. Ann Taylor also recognized that appellant was wearing the same clothing as earlier. The Taylors did not hesitate to choose appellant out of the lineup. The police did not hint, help, or persuade the Taylors to choose any particular person. Furthermore, at trial, the Taylors had no doubt that appellant was one of the burglars. The photo array and presentation was admissible since the evidence was neither unduly *Page 5 
suggestive nor unreliable. Therefore, appellant's second assignment of error is not well-taken.
 {¶ 15} In his first assignment of error, appellant argues that no rational jury could have convicted appellant based on the insufficient evidence presented at trial. To determine whether a verdict is against the manifest weight of the evidence the appellate court "weighs the evidence and all reasonable inferences, and considers the credibility of witnesses." State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The appellate court acts as a "thirteenth juror" and may disagree with the jury's resolution of conflicting testimony. Id. If the jury "clearly lost its way and created such a manifest miscarriage of justice," then the court may reverse the conviction and order a new trial. Id.
 {¶ 16} The Taylors observed appellant running and carrying a box of laundry detergent and a black trash bag. Shortly thereafter, the detergent and other items were discovered missing from the Taylors' apartment. A number of the items the Taylors reported missing were subsequently found in the apartment that appellant was seen running toward. The Taylors quickly and confidently chose appellant out of the photo array. The witnesses and evidence provided sufficient proof for the jury to find that appellant committed the burglary. Thus, appellant's first assignment of error is not well-taken.
 {¶ 17} In his third assignment of error, appellant argues that the trial judge erred in issuing a complicity instruction to the jury. Under R.C. 2923.03(A), complicity requires *Page 6 
that a person "aid or abet another in committing the offense" with the same culpability required for conviction of the offense. Aid or abet means "supported, assisted, encouraged, cooperated with, advised, or incited." 4 Ohio Jury Instruction (2000) 573, Section 523.03(8). The intent to aid or abet "may be inferred from the circumstances surrounding the crime." State v. Johnson (2001), 93 Ohio St.3d 240, 246.
 {¶ 18} R.C. 2923.03(F) gives sufficient notice to defendants that a complicity instruction may be given to the jury. State v. Herring
(2002), 94 Ohio St.3d 246, 251. Under R.C. 2923.03(F), "a charge of complicity may be stated in terms of this section, or in terms of the principal offense." Thus, if established, a defendant may be charged with complicity even when the indictment for the principal offense does not mention complicity. State v. Hand, 107 Ohio St.3d 378, 404,2006-Ohio-18, ¶ 181.
 {¶ 19} The Taylors observed appellant and Dwight Williams running and carrying items together. Many of the Taylors' missing belongings were subsequently found in the apartment appellant and Dwight Williams were running toward. It could reasonably be inferred that appellant aided and abetted Dwight Williams in the burglary. Additionally, appellant was given notice that complicity may be added to the principal burglary offense under R.C. 2923.03(F). The judge did not err in issuing a complicity instruction to the jury. Thus, appellant's third assignment of error is not well-taken.
 {¶ 20} In his fourth assignment of error, appellant argues that his constitutional rights to representation and due process were prejudiced by ineffective counsel. Two *Page 7 
objective factors must be proven to establish ineffective assistance of counsel. Strickland v. Washington (1984), 466 U.S. 668, 687. "First, the defendant must show that counsel's performance was deficient."Id. "Second, the defendant must show that the deficient performance prejudiced the defense." Id. The counsel's errors must have been serious enough to disrupt the protections afforded through the Sixth Amendment and the defendant's right to a fair trial. Id. An attorney's trial strategy does not usually provide for a claim of ineffective assistance of counsel. State v. Gaston, 6th Dist. No. L-06-1183, 2008-Ohio-1856, ¶ 31. Courts give deference to the strategy of an appointed counsel and tend to presume that counsel acted in a reasonable manner. Id.
 {¶ 21} Appellant's trial counsel chose to waive arguments challenging the submission of the photo array as evidence. Trial counsel also chose not to pursue an alibi defense and did not provide evidence regarding the risk of misidentification in photo arrays. Trial counsel could have reasonably concluded that these arguments were too weak to pursue. The photo array and its presentation were neutral without suggestion. Also, the alibi defense was not presented to counsel until trial, which raises doubts over its legitimacy. The flaws in these defenses could have caused detriment to counsel's overall trial strategy. Counsel's decisions and strategy did not deprive appellant of his constitutional rights. Therefore, appellant's fourth assignment of error is not well-taken.
 {¶ 22} In his fifth assignment of error, appellant argues that the sentence imposed amounts to cruel and unusual punishment. Trial courts have complete discretion to *Page 8 
impose any prison sentence that fits within the statutory range.State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. Additionally, a trial court does not have to give a specific reason for imposing any length of sentencing allowable by statute. State v. Calevero, 6th Dist. No. WD-06-012, 2007 Ohio 1321, ¶ 14.
 {¶ 23} At sentencing, the judge addressed appellant's lengthy criminal record and decided that the appropriate sentence was four years. This sentence is within the range for second degree felonies under R.C. 2929.14 and, therefore, is affirmed. Thus, appellant's fifth assignment of error is not well-taken.
 {¶ 24} Given our disposition on appellant's first five assignments of error, the sixth assignment of error is not well-taken.
 {¶ 25} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1